UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMPRESS CANDACE K. SPENCER-DEY, | ) ) ) | CASE NO. 1: 16 CV 905 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | OPINION AND ORDER |
| TERRY GONZALES, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Empress Candace K. Spencer-Dey, a frequent filer in this District, has filed this *in forma pauperis* action against Defendants Terry Gonzalez and American Honda Finance Co. The Complaint does not set forth factual allegations or legal claims that are intelligible to this Court. It appears from the attachments the Plaintiff has filed with her Complaint that her lawsuit is based on her contention that the Defendants failed to properly

notify her of "the date and time [that her] vessel (car)" was going to be auctioned. (Doc. No. 1 at 4.) In an "Affidavit of Truth" she contends she sent to Defendant Gonzalez months before she filed this lawsuit, she states that "Honda Financial Services failed to inform [her] via written notice when and where [her] vessel would be sold as Honda has a responsibility to inform [her] pursuant to [a] contract." (*Id*.) The Plaintiff seeks $19,000 in damages pursuant to a default judgment (apparently because the Defendants did not respond to her "Affidavit of Truth").

The Defendants have filed a Motion to Dismiss the Plaintiff's Complaint, contending the Court lacks federal subject-matter jurisdiction and the Complaint fails to state a claim on which relief may be granted. (Doc. No. 8.) The Plaintiff has filed a Motion for Summary Judgment. (Doc. No. 5.)

For the reasons stated below, the Defendants' Motion to Dismiss is granted and the Plaintiff's Motion for Summary Judgment is denied.

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§1331 and 1332. *Arbaugh v. Y&H Corp*., 546 U.S. 500, 513 (2006). A Plaintiff may invoke §1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.* She may invoke §1332 jurisdiction when she presents a claim between parties of diverse citizenship where the amount in controversy exceeds $75,000. *Id*. "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Plaintiff bears the burden of proving that subject-matter exists. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

The Plaintiff has not demonstrated a basis for federal subject-matter jurisdiction. Federal diversity jurisdiction does not exist because the face of the Complaint indicates that the amount in controversy in connection with the Plaintiff's purported claim is $19,000, well below the jurisdictional threshold for diversity.

In addition, the Plaintiff's Complaint does not contain allegations sufficient to allege a plausible claim arising under federal law. Although the Plaintiff conclusorily references the "7 amendment to the constitution" and other provisions of the United States Code in her Complaint, neither the Complaint nor the Plaintiff's Motion for Summary Judgment contain allegations reasonably suggesting she might have a colorable claim arising under those or any other federal laws. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim). The Plaintiff's Complaint does not contain allegations sufficient to support federal question subject-matter jurisdiction and fails to state a plausible federal claim on which relief may be granted. *See, e.g.*, *Walker v. J.P. Morgan Chase Bank N.A.*, No. 13-2100, 2013 WL 2151713 (W.D. Tenn. 2013) (dismissing *pro se* complaint for lack of federal subject-matter jurisdiction and failure to state a claim).

**Conclusion**

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (Doc. No. 3) is granted, the Plaintiff's Motion for Summary Judgment is denied, and the Defendants' Motion to Dismiss the Complaint is granted. A corresponding Judgment Entry will accompany this Opinion and Order.

The Court further certifies, pursuant to 28 U.S.C. §1915(a), that an appeal from this

decision could not be taken in good faith.

    **IT IS SO ORDERED.**

                                                                       **s/ Christopher A. Boyko**
                                                                      **CHRISTOPHER A. BOYKO**
                                                                      **United States District Judge**

**Dated:** July 13, 2016